AT

## DUBUQUE, OCTOBER TERM, A. D. 1882.

IN THE THIRTY-SIXTH YEAR OF THE STATE.

---

PRESENT:

HON. WILLIAM H. SEEVERS, CHIEF JUSTICE.
 " JAMES G. DAY,
 " JAMES H. ROTHROCK, ⎫
 " JOSEPH M. BECK, ⎬ JUDGES.
 " AUSTIN ADAMS, ⎭

---

## STATE v. TATMAN.

1. **Criminal Law:** TWICE IN JEOPARDY: ADJOURNMENT OF COURT PEND-
   ING TRIAL. While it is a general rule that a person is in legal jeopardy
   when he is put upon trial before a court of competent jurisdiction, upon an
   indictment or information which is sufficient in form and substance to
   sustain a conviction, and a jury has been impaneled and sworn, yet to
   this general rule there are many exceptions; and in this case, being a
   trial for forgery, when, after all the evidence had been introduced, the
   presiding judge was called home by telegram on account of the illness of
   his wife, and he thereupon adjourned the court and discharged the jury
   until the following Friday, and on the following Friday he by telegram

State v. Tatman.

ordered the court to be finally adjourned, and on the next Monday his wife died; *held* that the emergency justified the adjournment of the court; that the defendant had not been in legal jeopardy, and was properly put on trial on the same *indictment* at a subsequent term of the court.

2. ———: PRACTICE: COMMENTS ON DEFENDANT'S TESTIMONY. Where the defendant offered himself as a witness and testified on his own behalf, it was not a violation of section 3636 of the Code for the district attorney, in his argument to the jury, to comment on the fact that the defendant had testified to a part only of his defense, and had omitted to testify upon other material facts in the case within his knowledge, and to urge that such omission should be considered by the jury.

*Appeal from Adair District Court.*

TUESDAY, OCTOBER 17.

THIS is a prosecution under an indictment for the crime of uttering a forged deed. There was a trial by jury and defendant was convicted, and he appeals.

*J. W. West,* for appellant.

*Smith McPherson, Attorney-general,* for the State.

ROTHROCK, J.—I. The defendant was put upon trial at the March term, 1880. After all the evidence had been introduced, the presiding judge received a telegram from his home at Des Moines, to the effect that his wife was sick, and asking him to go to his home. This was on the 9th day of March, 1880. The court was adjourned until the following Friday, and the jury were discharged until that time, and the judge went to his home. On Friday, the judge by a telegram ordered the court to be finally adjourned, and on the Monday following his wife died. ●

1. CRIMINAL law : twice in jeopardy: adjournment of court pending trial

At the March term, 1881, of said court, the defendant was again put upon trial upon the indictment. He filed a written plea setting out the facts, and alleging that legal jeopardy had attached and that he could not again be put upon trial upon the indictment. The cause was submitted to a jury

upon this issue, and a verdict was found to the effect that the defendant was not entitled to an acquittal upon that ground.

It is provided by the constitution of this State that "no person shall, after acquittal, be tried for the same offense." It is urged that the facts above cited amounted in law to an acquittal, or, what is the same thing, being once in jeopardy. "A person is in legal jeopardy when he is put upon trial, before a court of competent jurisdiction, upon an indictment or information which is sufficient in form and substance to sustain a conviction, and a jury has been charged with his deliverance. And a jury is said to be thus charged when they have been impaneled and sworn." Cooley's Const. Lim., 325.

While this is the general rule, there are many exceptions to it in the common law. If, by any overruling necessity, the jury are discharged without a verdict, as from the sickness or death of the judge holding the court, or of a juror, or the inability of the jury to agree on a verdict, or if the term of the court as fixed by law comes to an end before the trial is finished, or if the jury are discharged with the consent of the defendant, or a new trial be granted, the defendant may again be put upon trial upon the same indictment. Most of these exceptions are provided for by statute in this State. Code, §§ 4443–4; 4455–6–7–9. And in *State v. Redman*, 17 Iowa, 329, it was held that when a verdict is insufficient and defective in not responding to the indictment, the court may set it aside and try the prisoner again on the same indictment. In the *State v. Calendine*, 8 Iowa, 288, when the name of a material witness upon the part of the State was not indorsed on the indictment, he not having been before the grand jury, and objection being made to his testimony, the court dismissed the indictment, and ordered the prisoner to be held to bail, and another indictment was found, it was held that the defendant could not again be put upon trial. In that case it is said that "it is not at all times within the discretion of the court to stop the prosecution, and still hold the accused to answer to the same offense on a future charge. It may discharge the jury under peculiar circumstances, in

cases of necessity, as upon a sudden indisposition of a witness, a juror, or the court, or a final difference of opinion among the jurors; for, over circumstances of this nature, neither the court, the attorney nor the parties, have any control." An examination of other cases, which will be readily found from the text books, will show that the rule above stated has been in its substance approved by every court where this matter has been under consideration.

The question as to the emergency upon which the court was adjourned in this case was tried in the court below, and it was found that the court was justified in making the adjournment. Of course, it must not be understood that the rule requires that an actual necessity should exist for the discharge of the jury. If that were to be the test, then, in case of the sickness of the judge or a juror, the defendant might object that the sickness was so slight as not to absolutely require that the trial be stopped. Something must be left to the discretion of the court. If the discretion be not abused, the defendant has no cause of complaint.

We think that in the case at bar the discretion of the judge in determining there was sufficient cause to adjourn the term was wisely exercised. To hold otherwise would be to establish a rule that a defendant in a criminal case has the right to require that a judge shall proceed with the trial while his wife is dying at his home. The law makes no such inhuman requirements. A judge under such circumstances would be as unfit to proceed with the trial of a case as he would be if laboring under a severe fit of sickness. If, under these circumstances, we were to order the absolute discharge of the defendant, it would justly strike the profession as an act not required by, but subversive of, the ends of public justice.

II. Upon the final trial on the plea of not guilty the defendant offered himself as a witness, and he was examined as to certain matters material to his defense. The district attorney in his argument to the jury commented upon the fact that the defendant testified to a part only of his defense, and omitted to testify

2. ——: practice: comment on defendant's testimony.

upon other material facts in the case within his knowledge, and urged that such omission should be considered by the jury.

It is contended that because of this conduct of the district attorney the judgment should be reversed. Section 3636 of Miller's Code provides that defendants in criminal proceedings shall be competent witnesses in their own behalf, but, if a defendant should elect not to become a witness, that fact shall not have any weight against him on the trial, and shall not be referred to by counsel for the State, and if counsel should do so, defendant shall be entitled to a new trial.

It is conceded that it was the right of the district attorney to comment on such testimony as the defendant gave, but it is urged that he had no right to comment upon the defendant's failure to testify as to matters regarding which he preferred to keep his mouth closed.

The exemption from unfavorable comment extends only to such defendants as choose not to avail themselves of the privilege of testifying in their own behalf. Here the defendant put himself upon the stand as a witness, and we can see no reason why the counsel for the State should not comment on his testimony as fully as on that of any other witness. By putting himself upon the stand and testifying to material facts in his defense, the defendant waived the protection which the statute accords to him. See Cooley's Const. Lim., 317 and note.

AFFIRMED.