## M. PFLAUM, ADMR., v. J. H. McCLINTOCK ET AL.

APPEAL BY DEFENDANTS FROM THE COURT OF COMMON PLEAS NO. 1 OF ALLEGHENY COUNTY.

Argued October 30, 1889—Decided November 11, 1889.

(a) The petition of the defendant in a judgment upon a bond, given in settlement of a criminal prosecution for fornication and bastardy, averred that the bond had been executed while the defendant was in prison under arrest, and was conditioned for the support of the child to be born.

(b) It was averred, also, that the obligor was innocent of the offence charged, and that no living child had been born of the obligee, who had died unmarried and without issue, before judgment had been entered upon the bond.

1. In such case, the bond in question was given for a good consideration, the duress complained of was the duress of the law, and it was not error to refuse the petitioner a rule to show cause why the judgment should not be opened, etc.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 101 October Term 1889, Sup. Ct.; court below, No. 112 June Term 1889, C. P. No. 1.

On April 2, 1889, a judgment was entered upon a copy of a bond with warrant of attorney, by Magnus Pflaum, administra-

tor of Emma King, deceased, against James H. McClintock and M. McClintock, for $166.68. On April 13th, the defendants presented their petition showing:

"That on April 2, 1889, Magnus Pflaum as administrator of the estate of Emma King, late of Westmoreland county, Pennsylvania, deceased, the plaintiff above named, filed a copy of a certain bond, alleged to have been signed by defendants, in the penal sum of $300 and conditioned for the payment of $10 on September 12, 1887, and $2 per week thereafter, for the support of a child which the said Emma King alleged would be born in the future, and that an execution was issued against defendants for $166.68 and levy made on the goods of Margaret McClintock, the mother of James H. McClintock, at McKeesport, Pa.

"Your petitioners deny that defendants are indebted to plaintiff in the sum of $166.68 and costs of suit, and further deny that the copy of the bond filed is the copy of the bond signed by the defendants.

"Your petitioners further show that the bond signed was clear of any interlineations and erasures; and defendants deny that they signed a bond like the copy filed in this case; and if any interlineations and erasures were made, the same were made after defendants had signed said bond, and without their knowledge and consent, and call upon the plaintiff to produce the original bond and prove the same on the hearing and trial of this case.

"Your petitioners further show that James H. McClintock was arrested about the 23d day of August, 1887, and taken to the county jail in Greensburg, Westmoreland county, Pa., and confined therein upon a charge of fornication, etc., made by the said Emma King, in Greensburg, Pa.

"Your petitioners further show that while James H. McClintock was confined in the said jail in Greensburg, Pa., about September 5, 1887, a bond was brought to James H. McClintock in jail; and that while in duress or constraint he was forced to sign a bond for the support of a child which Emma King alleged would be born in the future; and the said Emma King, in her lifetime, on September 5, 1887, signed, sealed and delivered to the said James H. McClintock a general release, a copy of which is marked exhibit A, and made part hereof.

"Your petitioners further show that M. McClintock was

only accommodation bail for the keeping and support of a child which was not born at the time the alleged bond was signed, and never afterwards, as petitioners are informed and believe.

"Your petitioners further show that the said Emma King never gave birth to a living child of full life at any time since or before said bond is alleged to have been signed, on September 5, 1887, as set forth as aforesaid as per exhibit A aforesaid.

"Your petitioners further show that Emma King died on September 13, 1887, in Westmoreland county, Pa., intestate and single and without issue, and leaving her father, James King, and mother, Sarah King, who are both living at the present time in said Westmoreland county, Pa.

"Your petitioners further show that Jas. H. McClintock has paid all the costs in said fornication case in Westmoreland county, Pa., and which charge he denies and says he was not the guilty person, and further shows that he paid to W. P. Piper, agent for Emma King, on September 12, 1887, at Greensburg, Pa., the sum of $8, being balance in full under said release aforesaid; and, it appearing that no child was to be a charge upon petitioner, your petitioners believe all matters were settled in full under said release, as per exhibit A, and the death of said Emma King, and the payment of the cost and amount as aforesaid.

"Your petitioners further deny the right of M. Pflaum to act as administrator; and, further showing that they have a just and legal defence to the whole of plaintiff's claim, pray the court for a rule on plaintiff to show cause why the judgment entered in this case shall not be opened and defendants allowed to defend and proceedings stayed. And your petitioners will ever pray, etc."

The court thereupon made the following order: "And now, April 13, 1889, presented, considered, and refused." Thereupon the petitioners took this appeal assigning the said order as error.

*Mr. Frank Whitesell* (with him *Mr. W. W. Whitesell*), for the appellants.

Counsel cited: Bain v. Lyle, 68 Pa. 60 ; Miller v. Gilleland, 19 Pa. 119 ; Hunter v. Reilly, 36 Pa. 509 ; Selden v. Neemes, 43 Pa. 421 ; Schuylkill Co. v. Copley, 67 Pa. 386 ; Dorr v. Mun-

sell, 13 Johns. 430 ; Anthony v. Wilson, 14 Pick. 308 ; Fulton
v. Hood, 34 Pa. 365 ; Axtell v. Caldwell, 24 Pa. 88 ; People v.
Tabbs, 37 N. Y. 586 ; Carpenter v. Stevens, 12 Wend. 589.

*Mr. Thomas Herriott* (with him *Mr. Magnus Pflaum*), for
the appellee.

Counsel cited: 1 Bl. Com. 136 ; Stauffer v. Latshaw, 2 W.
167 ; Hays v. Lusk, 2 R. 23 ; Maurer v. Mitchell, 9 W. & S.
69 ; Lantz v. Lutz, 8 Pa. 405 ; Wyant v. Lesher, 23 Pa. 338.

PER CURIAM :

There is nothing upon this record to show that the court
below did not properly exercise its discretion in refusing to
open the judgment. There was nothing before it but the un-
supported allegations in the petition filed by the defendants.
Nor are the circumstances referred to in the petition, even were
they established to the satisfaction of the court below, sufficient
to justify it in disturbing the judgment. The bond in ques-
tion was given for a good consideration, viz., the settlement of
a fornication and bastardy case ; and the fact that it was exe-
cuted by James H. McClintock while confined in jail, in the
absence of any constraint or duress practiced upon him in pro-
curing the bond, was unimportant. The " duress " referred
to in the petition was the " duress " of the law, not of the
obligee named in said bond. The case is wholly devoid of
merit, and is

Affirmed.