STATE OF IOWA, Appellee, v. THEODORE HEATH, Appellant.

**CRIMINAL LAW:** Evidence—Admissions—Identification of Offense.
1  Admissions of guilt by an accused are not rendered inadmissible on the trial of an indictment because made when accused was arrested under an information which misstated the time of the commission of the offense as prior to the time alleged in the indictment, the record demonstrating that but one offense was being prosecuted. (See Book of Anno., Vol. 1, Sec. 13897, Anno. 18 *et seq.*)

**CRIMINAL LAW:** Evidence—Flight Subsequent to Discharge. Evidence of flight and instructions as to the effect thereof may be proper even though the flight took place after the accused had been once discharged under a prior preliminary information charging the same and identical offense and transaction. (See Book of Anno., Vol. 1, Sec. 13897, Anno. 105 *et seq.*)

Headnote 1:  16 C. J. p. 628.  Headnote 2:  16 C. J. p. 985.

*Appeal from Carroll District Court.*—J. A. HENDERSON, Judge.

JUNE 21, 1926.

Defendant appeals from a judgment of conviction for rape. —*Affirmed.*

· *G. A. Minnich,* for appellant.

*Ben J. Gibson,* Attorney-general, and *Neill Garrett,* Assistant Attorney-general, for appellee.

MORLING, J.—The prosecuting witness, Margareta Mangham, on April 8, 1925, gave birth to a child. She was then less than a month over 15 years of age. That a rape was perpetrated upon her is, therefore, established. She testified that the defendant committed the offense, shortly after 9 o'clock in the evening of June 29, 1924, in an automobile in which he was taking her from McCoy's to her home. Prosecutrix was living with her parents. Her mother and defendant were cousins. The mother testified that defendant had been making his home with the parents of the prosecutrix every winter for three or four years, working out in the summer, but was at their place almost every Sunday; that, in June, 1924, defendant was working in Somers; that, on the evening of June 29, 1924, the defendant asked her ''if the girls'' could go with him to Mr. McCoy's and get another cousin, Malin Heath. Prosecutrix testifies that she and defendant left her home about 8 o'clock (no other persons appear to have gone with prosecutrix and defendant), went straight to McCoy's, and stayed there until 9 o'clock. They then got in the car to return, and on the way turned into a byroad, where the car was stopped, and the defendant perpetrated the offense. The mother testified that she first discovered that the prosecutrix was pregnant when she was confined. The father testified that he filed three informations against the defendant. In the first one, the date of the offense was given as July 6, 1924. He testified that, when he filed the information, his daughter had not told him anything about the exact date; that she was too sick. There is no evidence that any intercourse occurred on July 6, 1924.

The following items of evidence were objected to: The sheriff arrested the defendant on the first warrant about the 9th or 10th of April, 1925. Nothing was said to defendant about who the prosecuting witness was, and no reference was made to the Mangham family. The sheriff testifies that, after he read the warrant, defendant asked him to explain what it meant, and that:

1. CRIMINAL LAW: evidence: admissions: identification of offense.

"I told him that it meant that 'he had had intercourse with some girl. He said, 'Well, I don't deny that part of it. I guess I have.' That was all the conversation."

The sheriff also says that, on the way home, defendant asked to stop at Lake City; that he wanted to telephone, and did go into a booth and telephoned, but the sheriff did not know to whom. At that time, the sheriff had not told the defendant the name of the complainant.

The father testified that defendant "called me up in the morning from Lake City. He said, 'Hello, John, is there any way we can settle it?' and I says, 'I don't see how there is, Ted.' That was all the conversation that passed between us over the phone. I saw the defendant again on the 10th of April, when he was in the office of Justice Drees."

This is all the evidence before us as to the date of the telephoning.

The first information charged the defendant with rape committed July 6, 1924. The father testified that, at that time, before the justice, this information was read, and the defendant said: "There is no question about it. I am guilty." The mother also testified to this statement. The defendant and the other persons present denied his making this statement. The first information and warrant were admitted in evidence in connection with this statement. The defendant argues that a confession must be shown to be related to the crime on trial; that proof of subsequent or other crimes is not admissible; that there is no evidence showing that the defendant, in his statement to the sheriff or in the telephone conversation, was referring to the crime charged in the present indictment, or to intercourse with prosecutrix at any time.

Objections were made to the evidence as it was offered. Not all of the circumstances could be proved by the same witness or in a single statement. As has been said, there is no evidence that any offense or act of intercourse took place on July 6, 1924. The warrant which was read to defendant did not give the date of the crime. Sexual intercourse on the part of the defendant cannot be assumed to have been so casual or common that it was necessary to show specifically that he had in mind the affair with the prosecutrix, in his conversation with the sheriff, nor must it be assumed that, under the circumstances of the case,

the defendant, in telephoning her father, had in mind the settlement of some other matter. The evidence was properly received, for the consideration of the jury.

The defendant was discharged under the first warrant, May 14, 1925. About two days later, the sheriff received another warrant, made search for defendant, was not able to find him in Iowa, and found him in Montana, about a month before the trial, which began November 2, 1925. The court charged the jury, in substance, that, if the jury found that the offense was committed, and defendant knew that he was charged with it, and fled for the purpose of avoiding or retarding the prosecution, such flight was a circumstance tending to connect him with the commission of the crime; but that the credibility and weight of it, as such, were solely for the determination of the jury, in the light of all the evidence. This evidence and instruction are objected to because the defendant had been discharged under the first warrant, and the arrest was upon another charge, and apparently for another crime, for which no indictment had been found. It is urged that flight can only be corroborative when it is shown that the defendant fled to avoid arrest, when he knew that he was suspected; and that the defendant was only an itinerant farm laborer, 23 years of age.

2. CRIMINAL LAW: evidence: flight subsequent to discharge.

The defendant knew that he was accused of having had sexual intercourse with prosecutrix, and that such charge was one of rape. He knew that he had not been tried, and it is quite likely that he knew that the date in the information from which he had been discharged was wrong, and that he might be prosecuted again. The testimony shows, as stated, that the defendant had been making his home winters with the parents of the prosecutrix, and working out summers. Two days after his release, the sheriff made search, and was unable to find him. We think the evidence was properly admitted. Its weight was for the jury. There was no error in the instruction of which the defendant can complain. *State v. Waltz,* 158 Iowa 191; *State v. Ralston,* 139 Iowa 44; *State v. Poe,* 123 Iowa 118; *State v. Hetland,* 141 Iowa 524.

Defendant claims that there is no sufficient corroboration. We think there was sufficient corroborative evidence to go to the jury. *State v. McCausland,* 137 Iowa 354; *State v. Baker,* 106

Iowa 99. Defendant also claims that the evidence is insufficient to sustain a conviction. The testimony of the prosecutrix is positive. The inconsistencies in the evidence are not unusual, or greater than are to be expected, under the circumstances. Defendant was a witness, admitted the automobile journey to and from McCoy's, denied stopping, denied any sexual intercourse with the prosecuting witness, denied saying before the justice that he was guilty. He made no explanation of the other circumstances charged against him. By becoming a witness, he waived his privilege, not only as to subjects which he testified about, but as to all other subjects as to which he might have testified, and subjected himself and his testimony to the same scrutiny and inferences that any other witness would (subject, of course, to the statutory limitations of cross-examination). *State v. Tatman,* 59 Iowa 471; *State v. Musick,* 101 Mo. 260 (14 S. W. 212); *Diggs v. United States,* 136 C. C. A. 147 (220 Fed. 545); *Raffel v. United States* (U. S.), 46 Sup. Ct. Rep. 566, 70 L. Ed. —. The case was for the jury.

Defendant assigns error, but does not argue that the sentence to 15 years' imprisonment at hard labor in the Men's Reformatory is excessive. We think it is not excessive.

The judgment is affirmed.—*Affirmed.*

DE GRAFF, C. J., and EVANS and ALBERT, JJ., concur.