## Commonwealth v. Mariano

*J. Leonard Solomon*, for Commonwealth.

*Frank D. DiCenzo*, for defendant.

REED, P. J. (specially presiding), December 28, 1954.—Defendant was found guilty of fornication and bastardy. The case is before the court on defendant's motion for a new trial. The Commonwealth introduced evidence at the trial which established that defendant met Geraldine Keenan, mother of the child, in the sum-

mer of 1950 and that they had intercourse together on May 26 or 27, 1951, on June 9, 1951 and on one occasion two or three weeks following June 9, 1951, by reason whereof a male child was born to Geraldine Keenan on March 26, 1952, at Rochester General Hospital, Borough of Rochester, Beaver County, Pa. All the acts of intercourse occurred in Allegheny County.

Defendant, James Mariano, testified that he first saw Geraldine Keenan on the second Sunday of May 1951 and that on this day he, together with Geraldine Keenan, Deno Ventresca and Louis Mariano (his brother), drove to the vicinity of the Allegheny County Airport where each of them had intercourse with Geraldine Keenan. Except for a variance in dates, his testimony was corrobated by Ventresca and Louis Mariano.

Under objection, as a part of the Commonwealth's evidence, we permitted Alice Keenan, mother of Geraldine Keenan, to testify with reference to an offer of compromise made by defendant and his attorney after the case was listed for trial. After charging the jury generally as to credibility we further charged as follows:

"In that connection, we again call your attention to the testimony with reference to the meeting of last Friday. The only purpose for which that testimony was admitted in evidence is for you to consider along with the testimony of defendant and his witnesses in determining his credibility. Is the story that he tells here in court of the—his relationship with this girl the truth, and does that meeting that took place last Friday and his silence, or his apparent failure to speak up on that occasion, or with his attorney speaking for him—does that affect his credibility? You can only use it and consider it in that connection."

Defendant contends that the admission of this evidence and our charge with reference thereto was error.

While the testimony may not have been properly admissible as part of the Commonwealth's case in chief we are of the opinion that it would have been properly admissible in rebuttal. Evidence if properly admissible at any stage of the trial is not assignable as error: Commonwealth v. Lehman, 309 Pa. 486, 497; Commonwealth v. Syren, 150 Pa. Superior 32, 38; Henry, Penna. Evidence, vol. 2, page 161, §729, and cases cited therein.

Our research has not discovered and counsel have not cited any Pennsylvania authority on the exact question here involved.

In Wigmore on Evidence, 3rd ed., vol. 4, page 26, §1061, it is stated an offer to pay or settle . . . "is a question which has given rise to prolonged discussion and to varied but often unsatisfactory attempts at explanation." At page 31 it is there stated:

"(8) In a criminal prosecution, the accused's offer to pay money or otherwise to 'settle' the prosecution will be received against him, because that mode of stopping or obstructing the prosecution would be an unlawful act, and good policy could not encourage that mode of dealing with a criminal charge; hence such an offer is receivable for whatever inference may be drawn from it; subject, of course, to the accused's explanation."

See also cases cited thereunder as being in accord. See also State v. Heath, 202 Iowa 153, 209 N. W. 279.

On this authority we hold that the testimony with reference to the proposed compromise was admissible in the instant case. The evidence was admissible for another reason, namely, that for which it was admitted, and the jury so charged, for the purpose of affecting defendant's credibility. It is to be remembered that defendant admits the act of intercourse but contended he used a contraceptive and also that two others also had intercourse with Geraldine Keenan

at the same date and time. Defendant's credibility was at issue. It could be impeached, inter alia, by his prior conduct inconsistent with his testimony in court. We believe the testimony was properly for the jury to consider with all the other testimony in determining the truth of his story as to the use of a contraceptive, the alleged acts of intercourse with the two other men and his own consciousness of guilt.

We do not believe Commonwealth v. Cohen, 133 Pa. Superior Ct. 437, controlling.

For these reasons the motion for a new trial is overruled.

### Order

Now, December 28, 1954, it is ordered, adjudged and decreed that defendant's motion for a new trial be and it is hereby overruled. Defendant is directed to appear before the court for sentence on Thursday, January 6, 1955, at 9 A.M.