## Durant *v.* McKelvey, Appellant.

Argued June 17, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

Before HARVEY, J.

*Fred T. Cadmus, III*, with him *C. Richard Morton*, and *Cadmus & Morton*, for appellant.

*Edward J. Hardiman*, with him *Fred W. Deininger*, and *Wisler, Pearlstine & Talone*, for appellee.

OPINION BY GUNTHER, J., September 11, 1958:

This appeal is from the refusal of the court below to grant a new trial. Wesley H. Durant, appellee, brought an action for the recovery of $1,000.00 dollars down money paid by him to appellant, Thomas McKelvey, at the time of a conditional contract made for the sale of a horse by appellant for the total price of $2,500.00 dollars. The condition of the sale provided that if a cut or wound to the animal's left leg could be healed and the blemish substantially removed by treatment within a reasonable time, the appellee would pay the balance due under the contract. Pursuant thereto, McKelvey retained the horse for the purposes of a cure but after a time, not having obtained the cure, he shipped the horse to Durant at his request for treatment by him. Durant was unable to completely heal the wound and remove the blemish and returned the horse back to McKelvey. Thereafter, McKelvey sent a check to Durant in the sum of $700.00 dollars which Durant refused to accept and returned the check. Subsequently, this suit was commenced to recover the down money paid. The defense was that the agreement was an absolute and unconditional sale and that there was no duty to return said down money. In addition, a counterclaim was filed for the sum of $1,500.00, being the balance due on the contract price.

At the trial, the court below permitted an offer of compromise to be admitted into evidence over the objection of appellant, and in charging the jury, the court below charged that appellant was not entitled to recover the $1,500.00 dollars as a counterclaim. The jury returned a verdict in favor of the appellee in the sum of $700.00 dollars, being the same amount as offered by appellant at the time the horse was returned to him. Thereafter, appellant filed a motion for a new trial, assigning his reasons therefor, inter alia, the

admission into evidence by appellee of the offer to compromise the action and the comment of the trial judge in reference thereto to the effect that appellant in effect admitted he owed appellee something because he was returning at least some part of the $1,000.00 dollars, and the charge of the court to the effect that, as a matter of law, appellant could not prevail on his counterclaim. From the refusal to grant a new trial, this appeal followed.

There is little doubt that appellee's reference to the receipt of the $700.00 check and his refusal to accept the same referred to an offer of compromise. Even if there were any doubt on this score, the trial judge in his charge made it crystal clear that an offer in compromise was made. This was clearly error. It has long been established in this Commonwealth that an offer to compromise a claim, not accepted, cannot be introduced into evidence by the plaintiff. The reason for this rule was stated early in the case of *Slocum v. Perkins*, 3 S. & R. 295: "The defendant is not to be affected, even by an offer to compromise, unless that offer be accepted by his adversary. Such offers are not to be discouraged, because they often produce peace; but if rejected by the plaintiff, the defendant is to be at full liberty to make his defence just as if the offer had not been made. The reason is plain. A man who is conscious that he is in the right had better give up something than stand the hazard and expense of a suit. The offer to compromise, therefore, is not evidence that the defendant thought himself in the wrong. The point has often occurred, and the law is settled." See also *Folk v. Schaeffer*, 180 Pa. 613, 37 A. 104; *McJunkin v. Kiner*, 157 Pa. Superior Ct. 578, 43 A. 2d 608; *Woldow v. Dever*, 374 Pa. 370, 97 A. 2d 777; *Shipley v. Pittsburgh & L. E. R. Co.*, 83 F. Supp. 722.

464

The court below, instead of refusing to admit any evidence of the offer of compromise actually compounded the error by specifically referring to it in the charge. On this ground alone, the judgment must be reversed. However, there was a question as to whether the defendant should not prevail on his counterclaim. The facts were conflicting enough to have a jury pass on this question. But by precluding any consideration of the defendant's counterclaim as a matter of law, the court below undertook that obligation and right which belongs properly to the jury. This was error and we cannot conclude that such a charge was harmless error when considered in connection with the charge on the compromise offer.

The judgment is reversed and a venire facias de novo awarded.