Commonwealth *v.* Luciano, Appellant.

Argued March 15, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFFMAN, JJ. (FLOOD, J., absent).

*Anthony J. Giangiulio,* with him *Edward F. Kane,* for appellant.

*Paul C. Vangrossi,* Assistant District Attorney, with him *Richard A. Devlin,* Assistant District Attorney, and *Richard S. Lowe,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., April 15, 1965:

Prosecutrix filed an information before a justice of the peace charging appellant, James J. Luciano, with fornication and bastardy. Appellant was indicted, tried before a jury, and convicted of both charges. This appeal followed.

Appellant contends that the trial court committed reversible error in permitting the Commonwealth, over objection, to offer the testimony of the justice of the peace and of the prosecutrix relative to offers of settlement purportedly made by appellant's attorney.

It is well established that an unaccepted offer to compromise a claim in a civil suit cannot be introduced into evidence. *Durant v. McKelvey,* 187 Pa. Superior Ct. 461, 463, 144 A. 2d 527, 529 (1958). This rule is designed to encourage the peaceful settlement of such suits without litigation. In addition, such offers often represent not what a person believes his adversary should receive but express, rather, what he is willing to yield to secure peace. *Durant v. McKelvey,* supra, p. 463.

The Commonwealth contends, however, that offers of compromise are admissible when made to a prosecutrix in a fornication and bastardy proceeding. It construes the offer as a bribe, designed to stifle a criminal prosecution and settle a cause properly belonging to the illegitimate child.

In support of its position, the Commonwealth relies on *Commonwealth v. Mariano,* 3 Pa. D. & C. 2d 277 (1954), in which the trial judge, in a fornication and bastardy proceeding, did admit evidence of an offer to compromise for the purpose of affecting defendant's

credibility. The court there relied on the following statement in 4 Wigmore, Evidence, §1061 at 31 (3rd ed. 1940).

"(8) *In a criminal prosecution,* the accused's offer to pay money or otherwise to 'settle' the prosecution will be received against him, because that mode of stopping or obstructing the prosecution would be an unlawful act, and good policy could not encourage that mode of dealing with a criminal charge; hence such an offer is receivable for whatever inference may be drawn from it; subject, of course, to the accused's explanation . . ." (Citing cases in accord and contra.)

We do not here determine the application of Wigmore's statement generally to criminal trial procedure in this Commonwealth. It is eminently clear to us, however, that an accused's attempt to settle a bastardy proceeding is not regarded as an unlawful act which undermines a criminal prosecution.

It has long been the policy of our courts not only to permit, but to encourage and enforce settlement agreements in bastardy proceedings, as in civil suits. *Rohrheimer v. Winters,* 126 Pa. 253, 17 A. 606 (1889); *Commonwealth v. Patterson,* 106 Pa. Superior Ct. 433, 434, 162 A. 477 (1932); *Pflaum v. McClintock,* 130 Pa. 369, 372, 18 A. 734, 735 (1889).

Legislative sanction for these settlements has existed since 1819, *Maurer v. Mitchell,* 9 Watts & S. 69 (1845); *Rohrheimer v. Winters,* supra, and has continued into our own time. Act of March 31, 1860, P. L. 427, §9, as amended, 19 P.S. §491.

This policy arises from our recognition that only fornication, and not bastardy, is truly criminal in that it is ". . . an act forbidden by law under pain of punishment. Stephen, Criminal Law 1. Fathering an illegitimate child has never been a crime in this sense in Pennsylvania. Fornication is the crime and not the resultant birth of the child." *Commonwealth ex*

*rel. Miller v. Dillworth,* 204 Pa. Superior Ct. 420, 426, 205 A. 2d 111, 114 (1964). Bastardy, however, ". . . carries no punishment except an order to support the child and is, in effect if not in law, more civil than criminal." *Commonwealth v. Dunnick,* 204 Pa. Superior Ct. 58, 62, 202 A. 2d 542, 544 (1964). Conviction of bastardy entails the assumption of the responsibility to support the child; conviction of fornication requires the payment of a $100 fine alone. Act of June 24, 1939, P. L. 872, §506, 18 P.S. §4506.

Our statement in *Commonwealth v. Kroekel,* 121 Pa. Superior Ct. 423, 434, 183 A. 749, 753 (1936), adequately summarizes this position: "It can undoubtedly be conceded that a prosecution for fornication and bastardy is different from an ordinary criminal proceeding as it partakes of the nature of a civil proceeding, in that settlements and compromises may be effected."

Our legislature has dramatically demonstrated the truly civil nature of these interests in The Pennsylvania Civil Procedural Support Law, Act of July 13, 1953, P. L. 431, as amended, August 14, 1963, P. L. 872, 62 P.S. §2043.31 et seq., which authorizes civil proceedings for the support of illegitimate children, and contemplates a civil determination of paternity. See *Commonwealth ex rel. Miller v. Dillworth,* supra.

It would be incredible for us to suggest that while encouraging the settlement of these proceedings we permit offers of settlement to be introduced either as admissions or to attack a defendant's credibility.

Moreover, common sense and experience alone tell us that in bastardy proceedings individuals are often prepared to compromise, regardless of guilt, in an attempt to avoid the notoriety, embarrassment, and humiliation attendant upon these proceedings.

Courts do not operate in a vacuum nor do they ignore the pragmatic approach. To equate the settlement of bastardy proceedings with bribery in criminal

prosecutions is a tortuous distortion of common sense and flies in the teeth of our own case law.

Fornication and bastardy proceedings are agonizingly humiliating and embarrassing to the parties and their families. They are a social catastrophe demanding the sympathetic and kindly understanding of the courts. To prevent such humiliation and embarrassment, untold numbers of bastardy proceedings are compromised and settled with court approval every year. This is a just and desirable result for a situation which demonstrates only the frailties of human nature to an enlightened community. To impede and, on occasion, render impossible the settlement of such cases by injecting a fear of self-incrimination into the offering party is unwise and socially undesirable.

We recognize, of course, that the civil settlement of these proceedings, in the absence of court approval, need not necessarily bar further criminal prosecution. *Commonwealth v. Scott,* 7 Pa. Superior Ct. 590, 593 (1898); *Commonwealth v. Patterson,* supra, p. 435. It should be noted, however, that the facts in this particular case, although our opinion should not be read as being limited to them, do not indicate that appellant had attempted to stifle the Commonwealth's criminal prosecution. The appellant did not endeavor to negotiate a surreptitious agreement with the prosecutrix to the derogation of the child's rights. In this case, the offer of compromise was made openly to the justice of the peace, not to the prosecutrix. It represented not a stifling of a criminal prosecution but an attempt to settle this matter in accordance with our expressed policy.

We conclude, therefore, that the trial court erred in admitting testimony of an offer of settlement. Such evidence is unreliable at best. Not only does it greatly prejudice the position of the defendant, but it seriously limits the possibility of a negotiated settlement.

Appellant raises two other questions by this appeal, neither of which, in our opinion, contains any merit.

Appellant contends that the trial judge committed error in refusing to permit a defense witness to rebut prosecutrix's testimony that she did not date other men during the period in question. The record reveals that the proposed witness had already testified fully on this point. It is within the sound discretion of the trial judge to determine whether or not a witness can be recalled. The trial judge did not abuse his discretion in this instance.

Appellant also contends that it was error for the court below to permit a question of appellant's character witness relative to an arrest for assault and battery. We do not find that such prejudice resulted. The judge, in his charge, correctly cautioned the jury that they were not to take this question into account in determining guilt or innocence.

Judgment reversed and new trial ordered.