**Brown Estate**

*Leo T. Connor*, for accountant.

*H. Brooke Aker*, of *Smith, Aker, Grossman, Hollinger & Jenkins*, for claimant.

*Frank J. Eustace, Jr.*, for residuary legatee.

TAXIS, P. J., October 2, 1973.—The first and partial account of Marie F. Brown, executrix, was examined and audited by the court on March 13, 1973, continued audit and hearing held on March 27, 1973, and argument held on May 14, 1973.

The account shows a net balance of principal and income for distribution of $31,766.29, composed of cash.

The transfer inheritance tax assessed has been paid.

The Board of Assessment Appeals for the County of Montgomery claims personal property tax for the year 1972 in the amount of $17.02. There being no objection, the same is herewith awarded to the board of assessment.

Joseph D. Brown died on April 19, 1971, leaving a will dated January 22, 1971. He was survived by his sister, Marie F. Brown. His wife predeceased him, having died on July 20, 1970.

At the time of the audit, George A. Butler, Sr., Esq., presented his claim in the amount of $19,200 for professional legal services rendered decedent during the period December 1966 to December 1970. The claim was denied by the executrix and the matter heard and argument held.

The claimant, in support of his claim, called John

P. Kelley, Esq. Objection to his testimony was interposed by the executrix and charitable remainderman on the ground that, since Mr. Kelley was an attorney of decedent and had been retained by decedent for three months, from September 1970 to December 1970, for the sole purpose of negotiating, during decedent's lifetime, a settlement of George A. Butler's claim for fees for professional services, Mr. Kelley's testimony should not be allowed. The court reserved a ruling on these objections. Because the evidence sought from Mr. Kelley is so interconnected with compromise negotiations, the court declines to consider the testimony of Mr. Kelley. Objections to his testimony are herewith sustained. See Durant v. McKelvey, 187 Pa. Superior Ct. 461; cf. Mannella v. Pittsburgh, 334 Pa. 396.

The next witness called by the claimant was Mary A. Clark. Mrs. Clark was the claimant's secretary during the period involved, although she was not so employed on the date she gave her testimony. Objection to her testimony was also interposed on two grounds: (1) the dead man's rule, and (2) the confidential communication doctrine. The court overruled both objections and permitted this secretary to testify fully, but the estate and residuary beneficiary argued that that was error.

Concerning the dead man's rule, an employe of a claimant is not barred by reason of the employer-employe relationship: Canon v. Pennsylvania Trust Co., Admr., 305 Pa. 422. See also, Wood's Estate, 272 Pa. 8. On the question of the confidentiality issues, the court is satisfied that the testimony of Mrs. Clark does not involve communications violative of the confidential or privileged communications doctrine. Mrs. Clark testified that there were communications between claimant and decedent and that they were related to business matters. Her testimony was not the

revelation of the communications or the disclosure of confidences. Rather, her testimony related to the mere fact of employment and the extent of that employment and, hence, is not a privileged matter. See Sargent v. Johns, 206 Pa. 386; Seip's Estate, 163 Pa. 423. Again, for reasons previously stated, the court declines to consider any testimony of Mrs. Clark as to settlement negotiations.

The next witness called was George A. Butler, Sr., Esq., the claimant. Objection to his competency was interposed. Quite obviously he is an incompetent witness. All he did was identify certain documents. The court has ruled that this is admissible. See Friel Estate, 16 Fiduc. Rep. 182.

The next witness called was George A. Butler, Jr., son of the claimant and his law partner. Objection was interposed as to his testimony and at the time of argument, Mr. Aker, counsel for the claimant, advised the court that it can ignore the testimony of the son because Mr. Aker is satisfied that the claim is clearly proven by competent testimony exclusive of the testimony of the son. The court's findings, therefore, are not based on testimony of George A. Butler, Jr.

The final witness was William Fuchs, Esq., an attorney, called as an expert on behalf of the claimant. Counsel for objectors readily concede that Mr. Fuchs is an expert in fee matters, having served on many bar association committees dealing with the economics of law practice. There is no need to recite his qualifications in this regard except to state that they are most impressive. The testimony of Mr. Fuchs clearly establishes that his opinion was based on records and documents pertaining to services from December 10, 1966, to December 12, 1970, and the testimony of Mrs. Clark. He did not base any part of his testimony on anything told to him by the claimant or by either of claimant's sons and partners. Mr. Fuchs' opinion was that the

bulk of the work was devoted to the sale of decedent's real estate in Florida and the preparation of 13 or 14 will drafts. He discounted some of the hours testified to by Mrs. Clark. Mr. Fuchs testified that the claimant had provided 750 hours of professional services over the years and expressed his opinion that the appropriate hourly rate was $75 per hour but that the fee to be charged would be reduced from $56,250 (750 hrs. x. $75) to $3,500, because of the limited size or value of the assets involved. His opinion may be summarized in his testimony as follows:

"Based upon my examination of all those documents, and hearing the testimony of the secretary, it would be my opinion that he would not have charged that full time-cost, that under the circumstances for this work he would have charged a bill of about $35,000.00.

"That would have been a proper legal bill."

In this position, the court is then called upon to resolve a rather novel issue. The claimant, proceeding upon quantum meruit, filed his claim against this estate for $19,200, but his expert witness, recognizing that claimant kept practically no time records, testified that, in light of his study of all the records and testimony, he should be compensated in the amount of $35,000. Can the court award an attorney fee in excess of the claim submitted by the claimant himself? Cf. Schlottman Estate, 19 Fiduc. Rep. 595. Is a low claim set by the claimant the limit to which he can establish his claim or is he free to establish it on a quantum meruit basis? The court is satisfied that it may increase the claim when clear and compelling testimony supports that conclusion. See 25 A.L.R. 3d 1356. The court is convinced, however, in this case, that $35,000 is excessive, particularly by reason of the limited value of the assets involved, and that a $22,500 fee is more in keeping with the record. Cf.

LaRocca Estate, 431 Pa. 542. The sum of $22,500 is herewith awarded to George A. Butler, Sr., Esq., claimant.

The court notes, on page 4 of the account, a list of investments under the heading of "Assets Abandoned —Determined to have no value." Said assets shall be held in a "Worthless securities" file, and under the procedure outlined in Gill Trust, 16 Fiduc. Rep. 671.

Subject to the views expressed in this adjudication, the net ascertained balances of principal and income are awarded as set forth under the last paragraph of the petition for adjudication.

Power and authority are given the accountant to make all necessary transfers and assignments of the unconverted investment securities herein awarded in kind.

The account is confirmed, and it is hereby ordered and decreed that Marie F. Brown, executrix, as aforesaid, forthwith pay the distributions herein awarded.

And now, October 2, 1973, this adjudication is confirmed nisi.