520 A.2d 437

**COMMONWEALTH of Pennsylvania**

v.

**Ronald PETTINATO, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 24, 1986.

Filed Jan. 12, 1987.

Alonzo Burney, McKeesport, for appellant.

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Commonwealth, appellee.

Before TAMILIA, HOFFMAN and HESTER, JJ.

HOFFMAN, Judge:

This is an appeal from the judgment of sentence for burglary and conspiracy. Appellant contends that (1) the lower court erred in admitting the complainant's testimony that appellant made an offer of compromise; and (2) the evidence was insufficient to support the convictions. Because these contentions are meritless, we affirm the judgment of sentence.

244

In March, 1985, appellant was arrested and charged with burglary, conspiracy, and the summary offense of criminal mischief. Following a bench trial, appellant was convicted on all charges. He was sentenced to a three-to-six year term of imprisonment and a five year term of probation, to run consecutively, and this appeal followed.

Appellant first contends that the lower court erred in in allowing the complainant to testify that appellant had made an offer of settlement before trial. Appellant argues that offers of settlement, and any admissions of guilt made during the course of negotiations, are not admissible in a criminal trial. We disagree.

In civil cases, evidence of offers of settlement of compromise are not admissible at trial. *Durant v. McKelvey*, 187 Pa.Superior Ct. 461, 463, 144 A.2d 527, 529 (1958). "The reasons for the rule are clear. First, the evidence that defendant expressed a desire to settle the case is not really evidence that the defendant was wrong.... Secondly, the law favors out of court compromise rather than litigation." *Commonwealth v. Terry*, 275 Pa.Superior Ct. 184, 186, 418 A.2d 673, 674 (1980). This rule should not, however, apply to criminal cases.[1]

1. This rule has been applied by our Courts in criminal prosecutions for fornication and bastardy. *See Commonwealth v. Luciano*, 205 Pa. Superior Ct. 397, 208 A.2d 881 (1965). The rule has not been extended because the nature of fornication and bastardy prosecutions differ from prosecutions for other offenses. In *Luciano*, this Court noted that:

> It would be incredible for us to suggest that while encouraging the settlement of these proceedings we permit offers of settlement to be introduced either as admissions or to attack a defendant's credibility.
>
> Moreover, common sense and experience alone tell us that in bastardy proceedings individuals are often prepared to compromise, regardless of guilt, in an attempt to avoid the notoriety, embarrassment, and humiliation attendant upon these proceedings.

*Id.*, 205 Pa.Superior Ct. at 400, 208 A.2d at 883. Because the factors that give rise to the rule of exclusion of evidence of settlement offers in fornication and bastardy proceedings do not exist in other types of criminal prosecutions, we decline to extend the rule to all criminal prosecutions. In addition, we note that fornication and bastardy are no longer criminal offenses and, thus, even this limited exception no longer applies.

In a criminal prosecution, the accused's offer to pay money or otherwise "settle" the prosecution will be received against him, because that mode of stopping or obstructing the prosecution would be an unlawful act, and good policy could not encourage that mode of dealing with a criminal charge; hence such an offer is receivable for whatever inference may be drawn from it; subject, of course, to the accused's explanation.

4 Wigmore, *Evidence* § 1061(d)(8)(3d ed.). Thus, an accused's offer to make restitution to the victim is admissible as evidence of the accused's consciousness of guilt. *Commonwealth v. Melnyczenko*, 238 Pa.Superior Ct. 203, 207, 358 A.2d 98, 100 (1976).

■ Here, the complainant testified that several weeks before trial, appellant approached her, admitted that he committed the burglary, and offered her $50 not to testify. N.T. September 24, 1985 at 13. On cross-examination, complainant testified that appellant offered her money "to settle the whole case." *Id.* at 15. The policy behind excluding this type of evidence in civil cases does not apply in this instance. Criminal defendants, unlike civil litigants, do not have the choice of whether to forego their own prosecution. *Compare Commonwealth v. Terry, supra* (civil litigant may want to settle a case irrespective of belief that he or she is right in order to avoid lawsuit). Thus, appellant's offer cannot be characterized as an attempt to avoid the inconvenience and expense of a lawsuit. Moreover, in criminal cases, the law does not favor out-of-court compromise over prosecution. *See* Pa.R.Crim.P. 314 (court may dismiss criminal case not committed by force or violence *only* if in interest of public, attorney for Commonwealth consents, satisfaction has been made to victim, and there is agreement as to who will pay expenses). In addition, we refuse to exclude this type of evidence when the offer of money to a witness in an attempt to prevent her testimony at trial is a felony of the third degree. *See* 18 Pa.C.S.A. § 4952(b)(2). Accordingly, we conclude that the lower court did not err in

admitting evidence of appellant's offer of settlement and admission of guilt.

Appellant next contends that there was insufficient evidence to support the convictions because there was conflicting testimony at trial. After reviewing the record and the parties' briefs, we conclude that the lower court has adequately addressed this contention in its opinion. *See Commonwealth v. Davis*, 491 Pa. 363, 369, 421 A.2d 179, 182 (1980) (when confronted with a claim of insufficiency of evidence, this Court must view evidence in light most favorable to Commonwealth as verdict winner, together with all inferences that could be drawn therefrom, to determine whether there is sufficient evidence to enable trier of fact to find appellant guilty beyond reasonable doubt).

For the above-stated reasons, we affirm the judgment of sentence.

Affirmed.