418 A.2d 673

**COMMONWEALTH of Pennsylvania**

v.

**Robert C. TERRY, Jr., Appellant.**

Superior Court of Pennsylvania.

Argued June 18, 1979.

Filed Feb. 15, 1980.

David B. Keeffe, Sayre, for appellant.

Rudolph Vander Hiel, District Attorney, Wellsboro, submitted a brief on behalf of the Commonwealth, appellee.

Before HESTER, HOFFMAN and CATANIA, JJ.*

HESTER, Judge:

This is an appeal from the judgment of sentence of the Court of Common Pleas of Tioga County.

Appellant was convicted of failing to support a bastard child (18 P.S. § 4323). Post verdict motions were denied and he was, subsequently, sentenced to a year in jail, sentence suspended in lieu of paying a $750.00 fine. This appeal followed.

---

\* President Judge FRANCIS J. CATANIA, of the Court of Common Pleas of Delaware County, Pennsylvania, is sitting by designation.

Appellant asserts, inter alia, that the lower court erred in permitting the prosecutrix to testify as to an offer made by appellant to pay her hospital bills and the expenses involved in her delivery.

■ It is generally the rule in civil litigation that offers of settlement or compromise, not accepted, are not admissible at trial. *Durant v. McKelvey*, 187 Pa.Super. 461, 144 A.2d 527 (1958).

The reasons for the rule are clear. First, the evidence that defendant expressed a desire to settle the case is not really evidence that the defendant was in the wrong. There are occasions when it is better to settle a case irrespective of the fact that you are right, rather than to risk the time and expense of a lawsuit. Secondly, the law favors out of court compromise rather than litigation. To permit the introduction at trial of a defendants offer to settle would severely inhibit defendants from attempting to settle potential litigation.

The within matter is controlled by the opinion of this Court in *Commonwealth v. Luciano*, 205 Pa.Super. 397, 208 A.2d 881 (1965) wherein Judge Hoffman stated on page 883:

"Our legislature has dramatically demonstrated the truly civil nature of these interests in the Civil Procedural Support Law, Act of July 13, 1953, P.L. 431, as amended, August 14, 1963, P.L. 872, 62 P.S. 2043.31 et seq. which authorizes civil proceedings for the support of illegitimate children, and contemplates a civil determination of paternity. See *Commonwealth ex rel. Miller v. Dillworth*, 204 Pa.Super. 420, 426, 205 A.2d 111 (1964).

It would be incredible for us to suggest that while encouraging the settlement of these proceedings we permit offers of settlement to be introduced either as admissions or to attack a defendant's credibility.

Moreover, common sense and experience alone tell us that in bastardy proceedings individuals are often prepared to compromise, regardless of guilt, in an attempt to avoid the notoriety, embarrassment, and humiliation attendant upon these proceedings.

Fornication and bastardy proceedings are agonizingly humiliating and embarrassing to the parties and their families. They are a social catastrophe demanding the sympathetic and kindly understanding of the courts. To prevent such humiliation and embarrassment, untold numbers of bastardy proceedings are compromised and settled with court approval every year. This is a just and desirable result for a situation which demonstrates only the frailties of human nature to an enlightened community. To impede and, on occasion, render impossible the settlement of such cases by injecting a fear of self–incrimination into the offering party is unwise and socially undesirable."

and on page No. 884:

"We conclude, therefore, that the trial court erred in admitting testimony of an offer of settlement. Such evidence is unreliable at best. Not only does it greatly prejudice the position of the defendant, but it seriously limits the possibility of a negotiated settlement."

In view of the foregoing, we are constrained to hold that it was error for the trial judge to permit the prosecutrix to testify that appellant had offered to pay her hospital and lying in expenses.

Having established there was error in the trial, we must determine whether that error was "harmless."

*Commonwealth v. Story*, 476 Pa. 391, 383 A.2d 155 (1977) requires that a court be convinced beyond a reasonable doubt that the error did not contribute to the verdict.

We are of the opinion that the improper testimony severely prejudiced the appellant. Thus, we must grant appellant a new trial.

Appellant also asserts herein that his motion in arrest of judgment should have been granted (thus mandating his discharge) for the following reasons:

1) the prosecutrix's testimony was incompetent as a matter of law;

2) the Commonwealth failed to offer testimony as to an essential element of the crime charged, i.e., the willful failure to support and;

3) the Commonwealth failed to present any medical testimony to support their case.

■ We disagree. The trial transcript clearly shows that the Commonwealth laid a proper foundation in establishing the prosecutrix's competency to testify.

■ Secondly, the willful failure to support element was satisfied by prosecutrix's testimony that appellant knew she was pregnant and her testimony that he did not provide support (the jury being left to determine credibility).

■ And finally, no medical evidence was needed, as the only relevant information was whether prosecutrix had intercourse with appellant during the time period in question and whether the prosecutrix had sexual relations with another man before she knew she was pregnant.

Thus, the motion in arrest of judgment was properly denied and appellant is not entitled to a discharge.

Judgment of sentence reversed and a new trial granted.