438 A.2d 1250

**Ruth E. SMITH,**

v.

**Lyvonne LEFLORE, Appellant.**

Superior Court of Pennsylvania.

Submitted June 22, 1981.

Filed Dec. 11, 1981.

150

Archie V. Diveglia, Harrisburg, for appellant.

Stewart L. Cohen, Harrisburg, for appellee.

Before PRICE, BECK and JOHNSON, JJ.

BECK, Judge:

This is an appeal from the denial of a motion for a new trial in a paternity suit. In the first of two civil trials (this one without a jury), appellant was found not to be the father of appellee's child. Subsequently, a Motion for a New Trial by appellee was granted. In a jury trial, appellant was found to be the father of that child.

Appellant raises four assignments of error by the lower court. Two of those contentions have merit:

(1) Appellant was prejudiced when counsel for appellee inquired during cross-examination as to a prior arrest.

(2) Appellant was prejudiced when an offer of compromise containing no explicit admission was admitted into evidence.

It is well-settled in Pennsylvania criminal cases that evidence of prior convictions may only be introduced in limited circumstances. That is, the commission of one crime will not be construed as evidence of the commission of another. *Commonwealth v. Spruill*, 480 Pa. 601, 605 n.2, 391 A.2d 1048 at 1050 n.2 (1978); See *Commonwealth v. Fuller*, 479 Pa. 353, 388 A.2d 693, 695 (1978).

This court in *Commonwealth v. Smith*, 240 Pa. Super. 212, 361 A.2d 862, 865 (1976), *rev'd* on other grounds, 477 Pa. 424, 383 A.2d 1280 (1978), discussed those convictions which may be used to impeach a witness' credibility. When any witness takes the stand, his or her credibility may be impeached by testimony of prior felonies or misdemeanors constituting crimen falsi (involving moral turpitude and reflecting dishonesty). It must be established, though, that the witness

was convicted and sentenced.[1] See *U. S. v. Heckman,* 479 F.2d. 726, 730 (3d Cir.1973).

In *Commonwealth v. Katchmer,* 453 Pa. 461, 309 A.2d 591, 593 (1973), the Supreme Court explained this proscription of impeachment by reference to a prior arrest:

> We have long held that prior bad acts not resulting in a conviction are not admissible to impeach a witness' credibility. *Commonwealth v. Ross,* 434 Pa. 167, 252 A.2d 661 (1969). See also, *United States v. Conder,* 423 F.2d 904, 911–912 (6th Cir. 1970). We expressed the rationale for such a rule in *Ross:*

> "As a general rule, however, there must be a conviction of the felony or misdemeanor before such evidence is relevant, because there is a vast difference between a conviction and a mere accusation. An inquiry as to a mere arrest or indictment is not permitted because an arrest or an indictment does not establish guilt, and the reception of such evidence would merely constitute the reception of somebody's hearsay assertion of the witness' guilt. 3 Wigmore, Evidence § 980(a)(3d ed. 1940)." 434 Pa. at 171, 252 A.2d at 662.

■ Although the cross-examination in the instant case as to a prior arrest occurred in the context of a civil proceeding, the same concerns for a fair trial attach as in criminal matters. Here the primary question for the jury was one of credibility and the prejudical impact of such evidence is apparent. In *Commonwealth v. Strickland Transportation Corp.,* 30 Pa.Comm. 463, 467 n.4, 373 A.2d 1188 at 1190 n.4 (1977), the Commonwealth Court confronted this question in its civil context in an appeal from an order of the Workman's Compensation Appeal Board which affirmed the referee's

---

1. Cf. Rule 609(a) of the Federal Rules of Evidence: For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (2) involved dishonesty or false statement, regardless of the punishment.

disability award to a claimant. Among the evidence offered was an uncertified copy of arrests and dispositions of the Philadelphia Police Department. The court reasoned:

Even if the information contained in the extract were sufficiently authenticated, it would still not be admissible for impeachment purposes, since a witness in Pennsylvania may be impeached only by showing a prior conviction and then only if the crime involved dishonesty or false statement which is not the case here. See *Commonwealth v. Futch*, 469 Pa. 422, 366 A.2d 246 (1976); *Commonwealth v. Bighum*, 452 Pa. 554, 307 A.2d 255 (1973).

The proposition that evidence of arrest without conviction is not admissible in a civil case is supported most clearly in *Wentworth v. State*, 33 Md.App. 242, 364 A.2d 81, 84 (1976), and we find it to be persuasive authority:

We reiterate what we said in *Arbaugh v. State, supra* [27 Md.App. 662, 341 A.2d 812], that evidence of arrest is not admissible in a civil case. *Bonaparte v. Thayer*, 95 Md. 548, 559, 52 A. 496, 499 (1902), followed in *Nelson v. Seiler*, 154 Md. 63, 68, 139 A. 564, 566 (1927), makes unmistakable that, " . . . the Courts of this State have always recognized the distinction pointed out in 1 *Greenleaf on Ev.* (16 ed.) sec. 461, between actual misconduct, itself, and the charge of misconduct; and have excluded the latter.

 While in the instant case there was a cautionary instruction by the trial judge, the prejudicial damage had already been done. For this mode of impeachment to be classified as harmless error, we must be convinced *beyond a reasonable doubt* that the error could not have contributed to the verdict. See *Commonwealth v. Story*, 476 Pa. 391, 406, 383 A.2d 155, 164 (1976). We are not so persuaded.

 The next valid ground for granting a new trial is the admission of a compromise offer containing no explicit admission on the part of appellant. The general rule in this area is that offers to compromise are not admissible. This rule is premised upon a policy of encouraging settlement without litigation. Also, it is clear that offers to compro-

mise are not ipso facto admissions of liability. See *Commonwealth v. Terry*, 275 Pa.Super. 184, 186, 418 A.2d 673, 675 (1980).

Paternity cases present particularly good reasons for excluding evidence of offers to compromise. Individuals involved in those proceedings are often eager to compromise to avoid notoriety and embarrassment. There is a strong societal interest in encouraging discussion and out-of-court settlement in these matters.

Accordingly the order of the lower court is reversed and new trial is granted.

PRICE, J., did not participate in the consideration or decision of this case.