## Johnson v. Altoona Hospital

C.P. of Blair County, no. 1536 CP 1995.

*James H. Bigelow,* for plaintiff.
*Frank J. Hartye,* for defendant.

CARPENTER, *J.,* December 28, 1995—Before this court for disposition are defendant's preliminary objections to the original complaint filed in this medical malpractice action. Briefs were submitted by both sides and the matter was orally argued before the court on November 30, 1995.

The issues raised in the preliminary objections are two in number. First, defendants object to paragraph 22 and related exhibit "A" of plaintiff's complaint as introducing an allegation that the hospital admitted liability where the facts supporting the allegation are contrary to law on their face. Second, defendants object to paragraph 21(k) as improperly introducing a cause of action for punitive damages where the totality of the complaint fails to support the same in any significant particular. We will discuss the latter objection first.

Defendant hospital objects to paragraph 21(k). That paragraph states as follows:

"The negligence and carelessness of the Altoona Hospital, its agents, servants, and employees consisted of the following:

"(k) Showing a reckless disregard for the health, welfare, and safety of the plaintiff on December 6, 1994, by placing him in a dangerous situation by allowing him to sit on the edge of his hospital bed with the side rail down and unattended."

Defendant argues that a review of the complaint in total indicates merely allegations of negligence directed to the nurse and vicariously directed to defendant hospital. We can perceive defendant's problem in dealing with this. In its brief, the defendant accurately states the standard for punitive damages as follows:

"An essential fact needed to support a claim for punitive damages is that the defendant's conduct must have been outrageous. Outrageous conduct is an act done with a bad motive or with reckless indifference to the interests of others. . . . Reckless indifference to the interests of others or as it is sometimes referred to, wanton misconduct means that the actor has intentionally done an act of unreasonable character and disregard of the risks known to him to be so obvious that he must be taken to have been aware of it and so great as to make it highly probable that harm would follow." (citations omitted) *Smith v. Brown,* 283 Pa. Super. 116, 120, 423 A.2d 743, 745 (1980).

We have frequently analogized in opinions on the issue that punitive damages require conduct that would make a person shout "outrageous." In the case sub judice, as we read the complaint presently any potential cause of action for punitive damages is at best extremely weak as pled. What appears to have occurred is that a nurse permitted a patient (at the patient's request) to sit on the edge of the bed to go to the bathroom.

This was done on the very morning that the patient was to be discharged from the hospital. Unfortunately, the nurse elected to leave the room and respect the patient's privacy rather than maintain a watch by the bed. This is essentially what plaintiff has pled. We do not dismiss plaintiff's complaint in terms of any punitive claim but in light of our discussion above ask the plaintiff to more fully set it forth in a separate count so that the same can be determined.

The second issue before the court is defendant's objection to paragraph 22 of plaintiff's complaint. That paragraph states as follows:

"The Altoona Hospital has admitted their liability in this case by agreeing not to charge the plaintiff or Elmer A. Johnson for hospital care following his fall out of his hospital bed at the Altoona Hospital on December 6, 1994. Attached hereto and made a part hereof marked exhibit 'A' is a letter from the President/Chief Executive Officer of The Altoona Hospital, James W. Barner, dated January 5, 1995, addressed to Mrs. Anna Myers, daughter of Elmer A. Johnson."

A copy of Mr. Barner's letter is attached as exhibit "A." Having reviewed exhibit "A" as well as the applicable law we are satisfied that this paragraph and the related exhibit should be stricken. We are satisfied that this action is correct even though we note that the particular correspondence is somewhat difficult to characterize because of the context in which the letter was written. The letter was written while Mr. Johnson was still living and prior to any litigation even being threatened. Moreover, Mr. Barner of the Altoona Hospital had previously received a letter from Mr. Johnson's niece making numerous criticisms of the care the plaintiff was receiving including, as one of the criticisms, the allegation of negligence in this case.

We are aware of the applicable law which states that offers to compromise are generally not admissible

in view of the policy of encouraging settlement without litigation and in view of the fact that offers to compromise are not ipso facto admissions of liability. *Smith v. Leflore,* 293 Pa. Super. 149, 437 A.2d 1250 (1981). We believe that this principle should be invoked to preclude Mr. Barner's letter even at this early juncture. In so holding, we are mindful that the defendant hospital is a nonprofit organization within the Blair County community. As such Mr. Barner's letter may well have been purely a gesture of public relations given the numerous complaints including such issues as cleanliness of the room et cetera expressed therein. Alternatively, it may well have been an attempt to placate the family and reduce the likelihood of a lawsuit. Irrespective of the defendant's motive, what is clear is that the letter contains absolutely *no admission of liability.* On the contrary, it totally defends Nurse Shay's specific actions and general reputation. While we concede that there is no offer of compromise or settlement either implied or stated in the letter, the presence of the denial of liability clearly renders the general rule viable in this case. That becomes more apparent reading the case law. As the Superior Court noted in the case of *Commonwealth v. Terry,* 275 Pa. Super. 184, 418 A.2d 673 (1980) discussing the inadmissibility of offers of settlement or compromise at trial:

"The reasons for the rule are clear. First, the evidence that defendant expressed a desire to settle the case is not really evidence that the defendant was in the wrong. There are occasions when it is better to settle a case irrespective of the fact that you are right, rather than to risk the time and expense of a lawsuit. Secondly, the law favors out of court compromise rather than litigation. To permit the introduction at trial of a defendant's offer to settle would severely inhibit defendants from attempting to settle *potential* litigation." (emphasis added) *Id.* at 186, 418 A.2d at 674.

This was a clear attempt to offer an olive branch to the plaintiff's family. We are fully satisfied that a gesture such as Mr. Barner made on behalf of defendant hospital is absolutely entitled to the same protection as outlined in *Terry*. This is particularly true in light of the clear denial of liability contained in the letter as well as the myriad complaints by the family contained in the previous letter, many of which did not involve the specifically alleged negligence that is the subject of the present lawsuit. Since this letter has no place in the litigation as an admission it has no place in the complaint. Accordingly, we order the same stricken and enter the following order.

## ORDER

Now, December 28, 1995, it is ordered, directed and decreed that

(1) Plaintiff shall file an amended complaint in this matter within 20 days of the date of this order setting forth her punitive claim with specificity in a separate count.

(2) Paragraph 22 and exhibit "A" are stricken as improperly pleading an admission of liability.