J-S91023-16

2017 PA Super 64

| JOHN VETTER AND ASHLEY JONES | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellants | |
| v. | |
| ANTHONY MILLER | |
| Appellee | No. 1038 MDA 2016 |

Appeal from the Judgment Entered July 19, 2016
in the Court of Common Pleas of Berks County
Civil Division at No(s): 12-25023

BEFORE:  FORD ELLIOTT, P.J.E., RANSOM, J., and STEVENS, P.J.E.*

OPINION BY RANSOM, J.:                    **FILED MARCH 10, 2017**

John Vetter and Ashley Jones appeal from the July 19, 2016[1] judgment entered in favor of Appellee, Anthony Miller, following a grant of partial summary judgment and jury trial.  After careful review of the briefs of the parties and the record below, we affirm in part, reverse in part, and remand for a new trial.

_____

[1] Appellants purported to appeal from the May 26, 2016 order denying their motion for post-trial relief; however, entry of final judgment was required to make the instant matter properly appealable.  **See** Pa.R.A.P. 301. Appellants complied with this Court's Order to praecipe the trial court for entry of judgment, and the trial court entered judgment on July 19, 2016, thereby perfecting this Court's jurisdiction.  **See** Pa.R.A.P. 905(a)(5) ("A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof.").

*Former Justice specially assigned to the Superior Court.

In light of our disposition, we adopt the following statement of relevant facts and procedure, garnered from the trial court's opinion, which in turn is supported by the record. **See** Trial Court Opinion, 8/5/2016 at 1-6. In September 2011, Appellants attended a wedding reception at which they consumed alcoholic beverages. Appellants left the reception at approximately 7:30 p.m., and Appellant Vetter was chosen to drive. Appellant Vetter has no recollection of the events of the evening after leaving the wedding reception. However, on their way home, the couple picked up their 14-month-old son.

At approximately 9:00 p.m., Appellants were driving on State Road 422. Appellant Jones testified that Appellee began tailgating Appellants, purposely driving so close behind that his headlights could not be seen in their car mirrors. Appellant Jones testified that Appellant Vetter was uncharacteristically mad, yelling for Appellee to back off, and tapping his brakes several times to "brake check" Appellee. In contrast, Appellee, denied tailgating and suggested that Appellant Vetter repeatedly and recklessly applied his brakes.

It was undisputed at trial that as the parties approached and stopped at a red light at the intersection of State Road 422 and Krick Lane, Appellant Vetter exited his car and approached Appellee, who remained in his vehicle with his driver's side window down. Appellee would later suggest in a statement to police that Appellant Vetter "did not look right and something

was wrong with him." Miller Deposition, 10/20/2014, at 114-115. Appellee attempted to flee the scene in his car. However, as he did so, Appellant Vetter was knocked down by Appellee's vehicle and was dragged approximately 100 feet.

Five emergency medical technicians (EMTs) responded to the scene. Each noted the smell of alcohol coming from Appellant Vetter. Four of these responders further noted that Appellant Vetter was combative.

Upon review of information received at the scene, the responding police officer cited Appellant Vetter with driving under the influence (DUI), driving with a suspended license ("DWS"), and harassment.[2] The harassment charge was subsequently dismissed in connection with Appellant Vetter's negotiated guilty pleas to DUI (driving with a Blood Alcohol Level ("BAC") of .08 to .10) and DWS. Appellant Vetter testified on direct examination that his BAC was .09. Notes of Testimony (N.T.), 12/14-16/2015, at 251.

_____

[2] Appellant was convicted under 75 Pa.C.S. § 3802(a)(2) (graded as a misdemeanor pursuant to 75 Pa.C.S. § 3803(a)(1) and 75 Pa.C.S. § 1543(a) (graded as a summary offense). Appellant's charge of harassment under 18 Pa.C.S. § 2709(a) (graded as a summary offense pursuant to 18 Pa.C.S. § 2709(c)(1)) was nolle prossed. Plaintiffs' Motion in Limine to Preclude Defendant from Introducing Testimony or Evidence of Arrests, 11/27/2015, at 5, paragraphs 21-22.

In November 2012, Appellants filed a complaint against Appellee for damages arising out of the incident described above. Appellants alleged that their injuries were a result of Appellee's negligence, recklessness, and negligent infliction of emotional distress.

At issue in this appeal are two pretrial motions. In October 2015, Appellee filed a motion for partial summary judgment, seeking dismissal of Appellant Jones' claim of negligent infliction of emotional distress.[3] In November 2015, Appellants filed a motion in limine, in which Appellants sought to preclude evidence of Appellant Vetter's intoxication, his guilty plea to the criminal charges of DUI and DWS, as well as the dismissed charge of harassment.

In December 2015, the trial court granted Appellee's pretrial motion for summary judgment, concluding that Appellant Jones could not establish that she suffered serious bodily injuries. The lower court also denied Appellants' motion in limine, thus permitting Appellee to introduce evidence of Appellant Vetter's intoxication, as well as all criminal charges arising from the incident. Evidence of Appellant's criminal charges was thereafter presented to the jury.

---

[3] Appellee did not file a motion for summary judgment for any claims raised by Appellant Vetter.

Following trial in December 2015, the jury returned a verdict assigning 74% of the causal negligence to Appellant Vetter and 26% to Appellee. The jury was instructed and aware that if more than 50% of the causal negligence was assigned to Appellant Vetter, that neither Appellant Vetter nor Appellant Jones would recover damages. Accordingly, the jury awarded no damages to Appellants.

Appellants timely filed a motion for post-trial relief. According to Appellants, they were entitled to a new trial on three grounds, asserting the court erred in (1) granting Appellee's motion for partial summary judgment, (2) permitting the introduction of evidence of criminal charges arising out of the incident, and (3) permitting the introduction of evidence of Appellant Vetter's alleged intoxication. Appellee responded to the motion. Following a hearing, the lower court denied Appellants' motion. Appellants timely filed the instant appeal and filed a court-ordered Pa.R.A.P. 1925(b) statement.

Appellants present the following issues for our review:

1.    Whether the trial court erred and/or abused its discretion in denying [Appellants'] Motion for Post[-]Trial Relief.

2.    Whether the trial court erred and/or abused its discretion in permitting [Appellee] Miller to introduce irrelevant and unfairly prejudicial evidence of [Appellant] Vetter's arrest, without conviction, for harassment and [Appellant] Vetter's prior driving history.

3.    Whether the trial court erred and/or abused its discretion in permitting [Appellee] to introduce irrelevant and unfairly prejudicial evidence of [Appellant] Vetter's alleged intoxication as

contributing to the cause of the incident without expert testimony.

4. Whether the trial court erred and/or abused its discretion in preventing [Appellant] Jones from pursuing damages for her non-economic harms.

Appellant's Brief at 4-5.

In their first claim on appeal, Appellants challenge the court's denial of their motion for post-trial relief and renew the same claims raised therein. *See* Plaintiffs' Motion for Post-Trial Relief, 12/28/2015; Plaintiffs' Concise Statement of Matters Complained of on Appeal, 7/15/2016. Therefore, we will address Appellants' claims through an examination of whether the lower court's denial of their request for post-trial relief was proper. For ease of analysis, we will address Appellants' challenge to the lower court's summary judgment ruling and then address Appellants' evidentiary claims. Based on the following analysis of the court's evidentiary rulings, *infra*, we conclude that Appellants are entitled to a new trial.

After trial and upon the written motion for post–trial relief filed by any party, a trial court may order a new trial as to all or any of the issues. Pa.R.C.P. 227.1(a). When considering a challenge to the trial court's ruling denying a motion for a new trial, we are guided by the following standard of review.

> We will reverse a trial court's decision to deny a motion for a new trial only if the trial court abused its discretion. We must review the court's alleged mistake and determine whether the court erred and, if so, whether the error resulted in prejudice

necessitating a new trial. If the alleged mistake concerned an error of law, we will scrutinize for legal error. Once we determine whether an error occurred, we must then determine whether the trial court abused its discretion in ruling on the request for a new trial. An abuse of discretion exists when the trial court has rendered a judgment that is manifestly unreasonable, arbitrary, or capricious, has failed to apply the law, or was motivated by partiality, prejudice, bias, or ill will.

*Underwood ex rel. Underwood v. Wind*, 954 A.2d 1199, 1206 (Pa. Super. 2008) (citing *Gbur v. Golio*, 932 A.2d 203, 206–207 (Pa. Super. 2007)).

Appellants assert that the trial court abused its discretion by precluding Appellant Jones from pursuing damages related to her claim of negligent infliction of emotional distress when it granted Appellee's motion for summary judgment. Appellants' Brief at 17, 33-36. Specifically, Appellants claim that Appellant Jones' inability to sleep impaired an important body function, and as such, the jury should have been allowed to determine if this impairment rose to the level of serious injury. *Id*.

A motion for post-trial relief may not be filed to orders disposing of motions for summary judgment. Therefore, the trial court properly denied Appellants' post-trial motion on this ground. Pa.R.C.P. No. 227.1, Note; *see U.S. Nat'l Bank in Johnstown v. Johnson*, 487 A.2d 809 (Pa. 1985).

Nevertheless, the lower court's decision to grant partial summary judgment is independently appealable upon entry of final judgment. Pa.R.A.P. 341; *Betz v. Pneumo Abex LLC*, 44 A.3d 27, 54 (Pa. 2012). We

- 7 -

review an order granting summary judgment for an abuse of discretion or error of law. ***Indalex, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA***, 83 A.3d 418, 420 (Pa. Super. 2013). Our standard of review is plenary, and we view the record in the light most favorable to the nonmoving party. ***Id***. A party bearing the burden of proof at trial is entitled to summary judgment "whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report[.]" Pa.R.C.P. 1035.2(1). In response to a summary judgment motion, the nonmoving party cannot rest upon the pleadings, but rather must set forth specific facts demonstrating a genuine issue of material fact. Pa.R.C.P. 1035.3.

In Pennsylvania, when selecting automobile insurance, drivers have the option of choosing limited-tort coverage or full-tort coverage. 75 Pa.C.S. § 1705. "A limited-tort plaintiff … can recover all medical and out-of-pocket expenses; however, such a plaintiff cannot recover for pain and suffering or other non-economic damages unless the plaintiff's injuries fall within the definition of 'serious injury.'" ***Varner–Mort v. Kapfhammer***, 109 A.3d 244, 248 (Pa. Super. 2015) (citing 75 Pa.C.S. § 1705(a)(1)(A)). The term "serious injury" is defined as "a personal injury resulting in death, serious impairment of body function or permanent serious disfigurement." 75 Pa.C.S. § 1702.

Our Supreme Court has held that in determining whether a motorist has suffered a serious injury, "the threshold determination was not to be made routinely by a trial court judge ... but rather was to be left to a jury unless reasonable minds could not differ on the issue of whether a serious injury had been sustained." ***Washington v. Baxter***, 719 A.2d 733, 740 (Pa. 1998). In conducting this inquiry, "several factors must be considered to determine if the claimed injury is 'serious': '[1.] the extent of the impairment, [2.] the length of time the impairment lasted, [3.] the treatment required to correct the impairment, and [4.] any other relevant factors." ***Graham v. Campo***, 990 A.2d 9, 16 (Pa. Super. 2010), *appeal denied*, 16 A.3d 504 (Pa. 2011). Our Supreme Court has cautioned that "the focus of these inquiries is not on the injuries themselves, but on how the injuries affected a particular body function." ***Washington***, ***supra***. We remain cognizant of the principle that "[a]n impairment need not be permanent to be serious" under section 1705(d). ***Robinson v. Upole***, 750 A.2d 339, 342 (Pa. Super. 2000) (citation omitted).

***Cadena v. Latch***, 78 A.3d 636, 640 (Pa. Super. 2013). Further, evidence of how a particular injury affects a specific plaintiff, including how that injury negatively impacted the person's ability to perform his or her chosen profession, is relevant in determining whether a plaintiff has suffered a serious impairment of a body function. ***Long v. Mejia***, 896 A.2d 596, 600 (Pa. Super. 2006).

It is undisputed that Appellant Jones selected limited-tort coverage under 75 Pa.C.S. § 1705. Motion for Summary Judgment Defendant Anthony Miller, Exhibit E. Thus, Appellant was required to establish serious injury. Viewed in the light most favorable to Appellant Jones, reasonable minds could not differ on the issue of whether she had sustained a serious injury, as her injury was conclusively not serious.

Appellant Jones testified at her deposition that she suffered from sleep deprivation following the incident. Jones Deposition, 1/6/2015, at 17. She received counselling and was prescribed antidepressants until the beginning of 2013.[4] *Id*. at 9-10. In preparation for litigation, two medical professionals conducted a psychiatric evaluation of Appellant Jones and both concluded that she exhibited symptoms of Post-Traumatic Stress Disorder (PTSD). *See* Plaintiff's Response in Opposition to the Motion for Summary Judgment of Defendant Anthony Miller, 11/12/2015, Exhibits B and C.

However, Appellant Jones presented no evidence that her injury (here sleep deprivation and symptoms of PTSD) caused her serious impairment of a body function, as she was able to perform her chosen profession and manage a myriad of other activities. *See Long*, 896 A.2d at 599-600 (recognizing evidence of how a particular injury affects a specific plaintiff is relevant in determining whether a plaintiff has suffered a serious impairment of a body function).

At the time of the deposition in 2015, Appellant Jones was employed full-time at her job for five years. Jones Deposition, 1/6/2015, at 4-5. Further, Appellant Jones was actively in pursuit of a nursing degree and

---

[4] Appellant Jones' use of antidepressants preceded the incident. *Id*. at 12-15.

helping to care for her son, who was approximately four and one-half years old. *Id*. at 4-6.

The trial court considered the factors outlined in **Graham** and observed:

> [Appellant Jones] testified that she cared for her baby, [Appellant] Vetter, and their new house while maintaining full-time employment and attending school ... There was no credible evidence to support the contention that [Appellant] Jones' alleged sleep deprivation negatively impacted or restricted her daily activities."

Trial Court Opinion, 8/5/2016, at 10. We agree. Accordingly, we discern no error or abuse of discretion in the lower court's conclusion to grant summary judgment on this matter.

We next review the lower court's evidentiary rulings.

> Questions regarding the admissibility or exclusion of evidence are [] subject to the abuse of discretion standard of review. Pennsylvania trial judges enjoy broad discretion regarding the admissibility of potentially misleading and confusing evidence. Relevance is a threshold consideration in determining the admissibility of evidence. A trial court may, however, properly exclude evidence if its probative value is substantially outweighed by the danger of unfair prejudice. Generally[,] for the purposes of this evidentiary rule, "prejudice" means an undue tendency to suggest a decision on an improper basis. The erroneous admission of harmful or prejudicial evidence constitutes reversible error.

**Rohe v. Vinson**, --- A.3d ---,*11-12 (Pa. Super. 2016) (citing **Whyte v. Robinson**, 617 A.2d 380, 382–83 (Pa. Super. 1992) (internal citations omitted)).

Appellants assert the lower court erred in admitting evidence of Appellant Vetter's criminal charges. Here, Appellant Vetter pleaded guilty to driving under the influence, a misdemeanor; pleaded guilty to driving with a suspended license (DWS), a summary violation; and the charge of harassment was nolle prossed. Appellants suggest this evidence was irrelevant, unfairly prejudicial, and warrants a new trial. Appellants' Brief at 20-26.

Evidence of criminal charges may be admissible in a subsequent civil case. In *Cromley v. Gardner*, 385 A.2d 433 (Pa. Super. 1978), we examined the decision of *Hurtt v. Stirone*, 206 A.2d 624 (Pa. 1965), where the Supreme Court of Pennsylvania concluded:

> "In so deciding [that judgments in criminal cases may be admissible to establish the facts in a subsequent civil case arising from the same incident], we recognize a valid existing distinction in cases involving the record of conviction of relatively minor matters such as traffic violations, lesser misdemeanors, and matters of like import. Especially in traffic violations, expediency and convenience, rather than guilt, often control the defendant's 'trial technique'" …

*Cromley v. Gardner*, 385 A.2d at 435 (citing *Hurtt*, 206 A.2d at 627.). We observed in *Cromley* that the *Hurtt* decision "has been construed as mandating that a motor vehicle code conviction not be admitted in a civil case arising from the same incident;" however, we extended the reasoning of *Hurtt* by concluding that all motor vehicle code violations are not of equal gravity based on the penalty's potential risk to liberty and property:

> The penalties clearly indicate that driving under the influence is not a "minor matter." The potential penalty for driving under the influence contrasts sharply with the fine of ten dollars and costs levied in **Loughner v. Schmelzer**, 218 A.2d 768 (Pa. 1966) in which [our Supreme Court] disallowed evidence of the summary conviction in a civil action. Certainly a $500 fine and three year's imprisonment constitute a significant deprivation of property and liberty. It is inconceivable that one would acknowledge guilt of this offense if he believed he was innocent.
>
> * * *
>
> If appellee believed in his innocence and his ability to prove it, he would not likely have made such a plea. **Believing that his guilty plea was clearly indicative of appellee's guilt of driving under the influence, not a summary or minor offense, we find the plea admissible as an admission against interest.**

**Cromley**, 385 A.2d at 435–36 (footnotes omitted) (emphasis supplied); 42 Pa.C.S. § 6142 (providing that evidence of the violation of Title 75 "shall not be admissible" in a subsequent civil matter). Finally, evidence of arrest without conviction is not admissible in a civil case. **Smith v. Leflore**, 437 A.2d 1250 (Pa. Super. 1981) (recognizing that the prejudicial impact of such evidence is apparent).

With these principles in mind, we conclude the following. Based on **Cromley**, the trial court clearly erred in admitting Appellant Vetter's guilty plea to DWS. **See** 75 Pa.C.S. § 1543 (defining DWS as a summary offense). The trial court committed a second legal error in ruling that the harassment arrest would be admissible. **Smith**, 437 A.2d at 1250. As a result of the lower court's ruling, both of these inadmissible pieces of evidence were

presented to the jury. N.T. 12/14-16/2015 at 251-52, 285-88. However, the lower court properly admitted evidence of Appellant's DUI as a statement against interest. *Cromley*, 385 A.2d at 435–36.

In the second part of our analysis of whether it was error for the lower court to deny Appellants' request for a new trial on the basis of the introduction of this inadmissible evidence, we must next determine whether the lower court abused its discretion in its ruling. *Underwood ex rel. Underwood*, 954 A.2d at 1206.

In our view, admission of Appellant Vetter's DWS conviction and his harassment charge constituted reversible error. In *E. Exp., Inc. v. Food Haulers, Inc.*, 285 A.2d 152, 153 (Pa. 1971), a trial court permitted a plaintiff to introduce evidence of defendant's summary violation in a negligence action. *E. Exp., Inc.*, 285 A.2d at 153. On review, the Supreme Court determined that this was in error and of such possible prejudicial effect as to vitiate the trial proceedings. *Id*. According to the Court, permitting a police officer to testify to the defendant's acts in this manner was tantamount to permitting him to offer a "conclusion that was for the jury and within its exclusive prerogative." *Id*. In the instant case, the court's evidentiary ruling was legal error, and as this case required apportioning liability to the parties, we are not persuaded that prejudice did not result from these facts being before the jury. Upon review of the aforementioned, we conclude that the lower court abused its discretion in

failing to apply the law and in not granting a new trial, as a new trial was warranted. Pa.R.C.P. 227.1(a); *E. Exp., Inc.*, 285 A.2d at 153; *Smith*, 437 A.2d at 1250.

Appellants' also argue that the trial court erred in permitting Appellee to introduce irrelevant and unfairly prejudicial evidence of Appellant Vetter's intoxication. Appellant's Brief at 26-32. As part of Appellants' contention, they again take issue with the admission of Appellant Vetter's DUI guilty plea.

In consideration of our holding that a guilty plea to DUI is evidence of guilt and therefore independently admissible in a civil action as an admission against interest, we conclude that the trial court in the instant case properly admitted Appellant Vetter's DUI guilty plea, as it could have considerably elucidated the issue of Appellant Vetter's negligence. *See Cromley*, 385 A.2d at 435-36. However, evidence of Appellant's DUI could also be used to establish Appellant Vetter's intoxication in conjunction with other corroborative evidence.

The following principles guide the admissibility of intoxication in a civil negligence case:

> While proof of intoxication is relevant where reckless or careless driving of an automobile is the matter at issue, the mere fact of drinking intoxicating liquor is not admissible, being unfairly prejudicial, unless it reasonably establishes a degree of intoxication which proves unfitness to drive.

*Fisher v. Dye*, 125 A.2d 472, 476 (Pa. 1956). Evidence of blood alcohol level alone may not be admitted for the purpose of proving intoxication; intoxication must be corroborated by independent evidence. *Ackerman v. Delcomico*, 486 A.2d 410, 414 (Pa. Super. 1984). In cases that have admitted blood alcohol tests, the BAC was above the statutorily presumptive level of unfitness to operate a vehicle. *Locke v. Claypool*, 627 A.2d 801, 804-05 (Pa. Super. 1993) (noting criminal presumption of unfitness to drive when driver's BAC in excess of legal limit inapplicable in civil cases). There is no precise type or amount of evidence necessary to establish the requisite degree of intoxication; however, corroborative evidence to establish intoxication can be in the form of lay testimony as to the injured party's conduct just prior to or immediately after the incident, or expert testimony interpreting the significance of the results of blood alcohol tests. *See Braun v. Target Corp.*, 983 A.2d 752, 760 (Pa. Super. 2009), *appeal denied*, 987 A.2d 158 (Pa. 2009); *Gallagher v. Ing*, 532 A.2d 1179, 1182–83 (1987), *appeal denied*, 548 A.2d 255 (1988).[5] We extended this rule of admissibility

_____

[5] In *Ackerman*, for example, this Court found the trial court properly admitted evidence of intoxication to the point of unfitness to walk where (1) plaintiff's girlfriend and roommate stated plaintiff had been drinking beer since late afternoon on day of accident; (2) defendant and medical personnel testified plaintiff strongly smelled of beer; (3) plaintiff's BAC was 0.195 percent; (4) hospital records revealed plaintiff admitted drinking heavily; and (5) plaintiff had slurred speech and low level of alertness following accident). *Ackerman*, 486 A.2d at 414-15; *but see Whyte*, 617 A.2d at
*(Footnote Continued Next Page)*

to evidence tending to establish intoxication on the part of a pedestrian. *Ackerman*, 486 A.2d at 414; *Kriner v. McDonald*, 302 A.2d 392, 394 (Pa. Super. 1973) (evidence of intoxication is inadmissible unless it proves unfitness to be crossing the street).

The evidence presented to the trial court in the series of pretrial motions showed: Appellant Vetter consumed approximately three to four cups of beer prior to driving. Jones Deposition, 1/6/2015, at 26-27; Vetter Deposition 1/6/2015, at 35-36. Appellant Jones described Appellant Vetter's behavior in getting angry and exiting the car as "very out of character." *Id*. at 31-32. Appellee stated that Appellant Vetter "did not look right and something was wrong with him" as he approached Appellee's car. Miller Deposition, 10/20/2014, at 114-115. In police documentation of the incident, five EMTs noted the smell of alcohol coming from Appellant Vetter. *See* Memorandum of Law (filed in opposition to motion in limine), 12/7/2015, Exhibit F. Four of the EMTs also noted that Appellant was combative. *Id*. Appellant Vetter subsequently pleaded guilty to DUI for a BAC of 0.9. Vetter Deposition, 1/6/2015, at 57.

*(Footnote Continued)* ――――――――――――

382-3 (holding pedestrian with blood alcohol content of .144% determined after treating physician smelled alcohol on his breath insufficient to establish intoxication absent more).

In the instant case, Appellant Vetter's intoxication was relevant, as recklessness and carelessness was at issue. Appellant's guilty plea to DUI was independently admissible and established that he had a BAC in excess of the legal limit while operating a car. The evidence of Appellant Vetter's (1) drinking intoxicants, (2) behavior immediately prior to the incident, (3) odor of alcohol noted by five EMTs and (4) combative behavior directly after the accident, taken in totality with Appellant's BAC, could reasonably support a conclusion that Appellant Vetter was intoxicated to the point of unfitness to walk. *See Ackerman*, 486 A.2d at 413; *Reedy v. Brown*, 150 A.2d 707, 708 (Pa. 1959) ("The requirement is met if it can be factually concluded, from all the evidence as to drinking intoxicants and intoxication, that unfitness to [walk] is established to the satisfaction of the jury."). As such, the value of the intoxication evidence, viewed together, was more probative than prejudicial and could elucidate for the jury whether Appellant Vetter was intoxicated to a degree that might relieve Appellee of liability due to Appellant Vetter's contributory negligence. *Fisher*, 125 A.2d at 476. Thus, we find the trial court's admission of Appellant Vetter's DUI and intoxication proper, and similarly conclude that the trial court's decision to deny Appellants' post-trial relief for admission of same proper.

In conclusion, the trial court's order granting partial summary judgment of Appellant Jones' negligent infliction of emotional distress claim is affirmed, as Appellant Jones failed to demonstrate that she suffered

serious injury. ***Varner–Mort***, 109 A.3d at 248. The trial court's order denying Appellant's motion in limine is affirmed in part, as admission of Appellant Vetter's DUI and intoxication was admissible; however, the court's decision to admit evidence of Appellant Vetter's DWS and harassment charge was inadmissible and is reversed. ***E. Exp., Inc.***, 285 A.2d at 153; ***Smith***, 437 A.2d 1250. Moreover, evidence of the DWS and harassment charge was prejudicial and constituted reversible error that the court failed to remedy when it ruled on Appellants' Post-Trial Motion. ***Underwood ex rel. Underwood***, 954 A.2d at 1206; ***E. Exp., Inc.***, 285 A.2d at 153; ***Smith***, 437 A.2d 1250. Accordingly, we are constrained to vacate the judgment and remand for a new trial. Upon re-trial, while evidence of Appellant Vetter's intoxication may be introduced, the evidence of his guilty plea to DWS and the harassment charge may not be admitted.

Affirmed in part, reversed in part. Judgment vacated and remanded for a new trial. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/10/2017

- 19 -