J-S53024-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY BACCARI | : | |
| | : | |
| Appellant | : | No. 3082 EDA 2016 |

Appeal from the Judgment of Sentence May 24, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0008725-2015

BEFORE: GANTMAN, P.J., OTT, J., and PLATT\*, J.

MEMORANDUM BY OTT:                        **FILED SEPTEMBER 4, 2018**

Anthony Baccari appeals from the judgment of sentence of five years of probation, which was imposed after the trial court convicted him of knowingly or intentionally possessing a controlled substance by a person not registered and terroristic threats with intent to terrorize another.[1]  We affirm.

On June 20, 2015, between 4:00 p.m. and 4:30 p.m., Baccari and Judith Febbo were arguing, when Baccari lifted his shirt to show her that he had a firearm tucked into his waistband.  N.T., 4/19/2016, at 14, 16, 19-22. She called the police, who arrested Baccari.  He returned two days later, pointed a firearm at Febbo and said, "You're not making it to court."  *Id.* at 23.

_____

\* Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(16) and 18 Pa.C.S. § 2706(a)(1), respectively.

Baccari waived his right to a jury trial. *Id.* at 9. During trial, Baccari stated that he had multiple character witnesses but stipulated that, if called, they would testify that he was law-abiding and peaceful. *Id.* at 68, 77. Baccari also had one witness testify as a hybrid character and fact witness. *Id.* at 69-70. This witness stated that Baccari's "reputation for being peaceful, truthful, and law-abiding" was "[e]xcellent." *Id.* at 70.

The Commonwealth requested it be permitted "to present rebuttal evidence by way of extrinsic evidence." *Id.* at 77. The Commonwealth explained that it would "need to call someone from New Jersey . . . to authenticate New Jersey records." *Id.* at 79. The Commonwealth never clarified what those records were. *See id.* at 77-80. Defense counsel then stated that he will "agree that the testimony of the [character] witness will be stricken because the district attorney feels that he has a conviction in New Jersey[.]" *Id.* at 80. The trial court asked, "What kind of conviction?" *Id.* at 80. The court then immediately corrected itself: "Oh, I can't know that." *Id.* No details about Baccari's prior conviction were given to the trial judge. *See id.* at 77-80.

The judge convicted Baccari of the aforementioned crimes, and his sentencing hearing began immediately thereafter. *Id.* at 95. At that time, the Commonwealth informed the court that Baccari was adjudicated delinquent as a juvenile in New Jersey of "[a]ggravated assault with a weapon"

and "possession of a firearm for an unlawful purpose." *Id.* at 104.[2]  After

defense counsel stated that the "Anthony Baccari" who was convicted of those

crimes was the appellant's cousin who has the same name and not the

appellant, the trial court continued the sentencing hearing, in order to clarify

the appellant's prior record.  *Id.* at 104-105.  After sentencing on May 24,

2016,[3] Baccari filed a post-sentence motion for a new trial, which was denied.

This appeal followed.[4]

_____

[2]  Baccari now contends that he was convicted of possession of a "weapon,"
not a firearm.  Baccari's Brief at 11.  In support, Baccari attached a document
labelled "Superior Court of New Jersey – Complaint Juvenile Delinquency,"
dated June 17, 2002, as Exhibit "C" to his brief that does not appear in the
certified record.  "[I]f a document is not in the certified record, the Superior
Court may not consider it." *Commonwealth v. Preston*, 904 A.2d 1, 7 (Pa.
Super. 2006) (*en banc*).  Additionally, whether Baccari's juvenile adjudication
was for possession of a "weapon" or a "firearm" is immaterial given our
disposition of this appeal.

[3]  The notes of testimony for the sentencing hearing on May 24, 2016, were
not included in the certified record.

[4]  On April 6, 2017, the trial court ordered Baccari to file a concise statement
of errors complained of on appeal, and Baccari complied.  On February 17,
2018, the trial court ordered Baccari to file a supplemental concise statement,
and Baccari complied.  On February 26, 2018, the trial court again ordered
Baccari to file a supplemental statement, but Baccari did not file a second
supplemental statement.  Pursuant to Pa.R.A.P. 1925(c)(3):

> If an appellant in a criminal case was ordered to file a Statement
> and failed to do so, such that the appellate court is convinced that
> counsel has been per se ineffective, the appellate court shall
> remand for the filing of a Statement nunc pro tunc and for the
> preparation and filing of an opinion by the judge.

We are not convinced that counsel's failure to file a second supplemental
concise statement constitutes per se ineffectiveness, because counsel filed

Baccari raises the following issue on appeal:

Is [Baccari] entitled to a new trial with respect to [knowingly or intentionally possessing a controlled substance by a person not registered] and [terroristic threats with intent to terrorize another,] because it was reversible error for the Commonwealth to argue [Baccari] had a prior gun conviction, when there was no evidence of a prior gun conviction?

Baccari's Brief at 5.

Baccari contends that he is entitled to a new trial, because the Commonwealth argued during trial that he had a prior firearms conviction, although there was no evidence of said conviction on the record. *Id.* at 11. He maintains that he was thus "denied a fair trial, free from prejudice before a neutral fact finder." *Id.* He also states that, after he "withdrew the character witness and agreed that he would not argue character[,]" "the Judge inquired what the conviction was for and [the Commonwealth] stated it was for a gun." *Id.* at 12.

_____

two previous concise statements. Likewise, we will not find Baccari's issues waived for failure to file a second supplemental concise statement, again because his issues were preserved in his two earlier concise statements. *See* Pa.R.A.P. 1925(b)(3)(iv).

The trial court did not file an opinion pursuant to Pa.R.A.P. 1925(a), because the trial judge "is no longer sitting as a judge in Philadelphia County." Letter from Penelope Graves to Super. Ct. Prothonotary (Mar. 29, 2018). Because the issue on appeal can be resolved by reference to the notes of testimony, we are not hindered by the lack of a 1925(a) opinion.

"We will reverse a trial court's decision to deny a motion for a new trial only if the trial court abused its discretion." **Vetter v. Miller**, 157 A.3d 943, 947 (Pa. Super. 2017), *appeal denied*, 182 A.3d 987 (Pa. 2018).

Pursuant to our review of the record, we conclude that Baccari's representation of the record is incorrect. The Commonwealth informed the trial court of Baccari's purported prior convictions -- including an alleged prior firearm conviction -- during his sentencing hearing, not during his trial, and after the court had convicted Baccari in the current case. N.T., 4/19/2016, at 104.[5] Furthermore, contrary to Baccari's assertions, the only reference to a prior "conviction" during trial was made by defense counsel, not the Commonwealth, and the Commonwealth did not answer the trial court's inquiry as to the nature of the conviction, let alone "state[] it was for a gun." **Compare** Baccari's Brief at 12 **with** N.T., 4/19/2016, at 77-80. As Baccari's sole issue on appeal is based upon an erroneous reading of the record, we hold that the trial court did not abuse its discretion in denying Baccari's post-sentence motion for a new trial, and we affirm the judgment of sentence.

Judgment of sentence affirmed.

---

[5] The Commonwealth properly informed the trial court of Baccari's prior convictions during sentencing, because all prior convictions must be counted in the Prior Record Score ("PRS"), except for totally concurrent sentences. 204 Pa. Code § 303.5(a)-(c). "The court may consider at sentencing prior convictions, juvenile adjudications or dispositions not counted in the calculation of the [PRS.]" **Id.** § 303.5(d). Baccari does not challenge his sentence.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/4/18